PROB 12C
(04/08)

June 7, 2010

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2010 JUN -9 AM 7:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** James Rodriguez (English)    **Dkt. No.:** 09-CR-0166--01-MMA

**Reg. No.:** 12464-298

**Name of Sentencing Judicial Officer:** The Honorable Michael M. Anello, U.S. District Judge

**Date of Sentence:** May 27, 2008

**Original Offense:** 8 U.S.C. 1324(a)(1)(A)(iv) and (v)(II), Inducing and Encouraging Illegal Aliens to Enter the United States and Aiding and Abetting, a class D felony.

**Sentence:** 16 months custody, three years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** 3/8/2010

**Asst. U.S. Atty.:** Janet W. Muller    **Defense Counsel:** Candis Lea Mitchell,
Fed. Defs., Inc. (Appointed)
(619)234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nvl)* | 1. On or about April 7, 2010, James Rodriguez Jr., did willfully, unlawfully and with the intent to evade, while operating a motor vehicle with a willful or wanton disregard for the safety of persons or property, flee or otherwise attempt to elude a pursuing peace officer's motor vehicle, in violation of Vehicle Code §2800.2, a felony, as evidenced by the complaint filed on May 10, 2010, in Kern County Superior Court, Dkt. No.: BK132059A.<br><br>2. On or about April 7, 2010, James Rodriguez did obstruct/resist a peace officer in violation of Penal Code §148(A)(1), a misdemeanor, as evidenced by the complaint filed on may 10, 2010, in Kern County Superior Court, Dkt. No.: BK132059A.<br><br>3. On or about April 7, 2010, James Rodriguez Jr., was the driver of a vehicle involved in a hit and run resulting in property damage, in violation of Vehicle Code § 20002(A), a misdemeanor, as evidenced by the complaint filed on May 10, 2010, in Kern County Superior Court, Dkt. No.: BK132059A.<br><br>4. On or about April 7, 2010, James Rodriguez Jr., operated a motor vehicle while under the influence of alcohol, in violation of Vehicle Code § 23152(a), a misdemeanor, as evidenced by the complaint filed on May 10, 2010, in Kern County Superior Court, Dkt. No.: BK132059A.<br><br>5. On or about April 7, 2010, James Rodriguez Jr., drove a motor vehicle without a license, in violation of Vehicle Code §12500(A), a misdemeanor, as evidenced by the Complaint filed on May 10, 2010, in Kern County Superior Court, Dkt. No.: BK132059A.. |

***Grounds for Revocation:*** I have received and reviewed the Kern County Sheriff's Department Incident/Investigative Report No.: SR10-09422, dated April 13, 2010, as well as the Complaint filed in the Kern County Superior Court, Dkt.: BR132059A. The documents reflect that, on April 7, 2010, a Sheriff's deputy observed a black Saturn collide with a white Ford Ranger at an intersection. The deputy attempted to make contact with the involved parties, but the black Saturn left the scene of the accident at a high rate of speed. The deputy initiated pursuit and attempted to pull the black Saturn over. The Saturn did not stop and continued to flee, reaching speeds of 75-80 miles per hour. The Saturn forced several other vehicles off the road and forced pedestrians to jump out of the street in an attempt to avoid being hit by the vehicle. The Saturn eventually made an abrupt turn into a driveway and stopped. The driver, later identified as James Rodriguez Jr, exited the driver's seat and fled on foot. Two occupants of the vehicle also fled on foot and entered a home. The deputy chased Rodriguez on foot through several backyards yelling for him to stop and advising that he was under arrest. Rodriguez failed to stop, and the pursuit ended when Rodriguez jumped a fence. The deputy returned to the residence where the Saturn was parked and took the two occupants into custody. Sheriff's deputies initiated a neighborhood perimeter and started searching backyards. They located Rodriguez attempting to hide by lying on the ground next to a fence. Neither Rodriguez nor the vehicle's other occupants made any statements at the time of arrest. On April 9, 2010, Mr. Rodriguez was released from custody on a $42,500 bond.

**(Standard Condition)**
Notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. *(nv16)*

6. On or about April 7, 2010, James Rodriguez was arrested and failed to notify the probation officer within 72 hours of his contact with law enforcement.

***Grounds for Revocation:*** I have contacted the supervising probation officer, who confirms that Mr. Rodriguez failed to notify him of the arrest within the required 72 hours, and in fact, waited 30 days before providing notification.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv21)*

7. James Rodriguez, Jr., used a controlled substance, as evidenced by the urine sample he submitted at Legacy Behavioral Services on May 10, 2010, which confirmed positive for amphetamine/methamphetamine.

***Grounds for Revocation:*** I have received and reviewed Alere Toxicology Services, Inc. laboratory results which reflect that, on May 10, 2010, James Rodriguez submitted a urine sample that tested positive for amphetamine/methamphetamine.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Rodriguez was only on supervision for a mere 30 days before being arrested. Moreover, police believe the occupants of the vehicle at the time of the arrest were members of the Varrio Weed Patch or Sureno gangs, with which the Court has prohibited the offender to associate. Mr. Rodriguez has since tested positive for amphetamine/methamphetamine. He initially failed to respond to telephone messages attempting to schedule his outpatient treatment assessment, and only did so after the probation officer advised him of the pending Order to Show Cause petition. The offender is unemployed and resides with his mother and step-father. The supervising probation officer opines that Mr. Rodriguez has quickly fallen back into his old lifestyle.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Rodriguez has a significant criminal history that includes physical violence, drugs, theft, and alcohol related crimes. His recent arrest and the basis for this Petition is a continuation of a well established pattern of resisting and fleeing law enforcement. Mr. Rodriguez failed to finish high school and has a limited work history. His record of employment is less than impressive, partly due to his intermittent incarcerations, but also to the fact that Mr. Rodriguez was terminated from his last position as a construction worker for failing to show up for work.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the Court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (Reckless evading a Police Officer, Obstruct/Resist Peace Officer, DUI, Hit and Run Resulting in Property Damage, Drive without License, Failure to notify PO within 72 hours of being arrested, Failure to comply with drug testing and treatment) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

PROB 12C

| | |
|---|---|
| Name of Offender: James Rodriguez | June 7, 2010 |
| Docket No.: 09-CR-0166--01-MMA | Page 5 |

A Grade <u>C</u> violation with a Criminal History Category <u>VI</u> (determined at the time of sentencing) establishes an **imprisonment range of <u>8</u> to <u>14</u> months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG § 7B1.3(c)(2), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Mr. Rodriguez has quickly demonstrated a blatant disregard for the Court's orders. It appears he has returned to his gang lifestyle, and continues to involve himself in criminal activities as well as substance abuse. Moreover, Mr. Rodriguez' criminal history demonstrates a consistent pattern of disrespect for both the law and law enforcement officers. As for a revocation sentence, it is believed that an eight month custodial term is warranted, to be followed by two years supervised release. Special conditions requiring long term outpatient treatment and electronic monitoring for six months are also recommended to address his substance abuse issues, and to provide structure and accountability. Additionally, it is recommended that if Mr. Rodriguez has not secured employment in 90 days following his release from custody or anytime thereafter, he must complete 40 hours of community service per month for every month he remains unemployed.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 7, 2010**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
Dawna Stitt Deatrick
United States Probation Officer

Reviewed and approved:

_____
Sean Quintal
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** Rodriguez, James

2. **Docket No. (Year-Sequence-Defendant No.):** 09-CR-0166--01-MMA

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Reckless evading a Police Ofificer | C |
| Obstruct/Resist Peace Officer | C |
| DUI | C |
| Hit and Run Resulting in Property Damage | C |
| Drive without License | C |
| Failure to notify PO within 72 hours of being arrested | C |
| Use of a controlled substance | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 8 - 14 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____          6-7-2010
The Honorable Michael M. Anello                 Date
U.S. District Judge

dsd/dsd